{¶ 31} I agree that no Crim.R. 32.1 motion was before the court when it imposed Defendant-Appellant Carter's sentence. Crim.R. 47 states:
 {¶ 32} "An application to the court for an order shall be by motion. A motion, other than one made during trial or hearing, shall be in writing unless the court permits it to be made orally. It shall state with particularity the grounds upon which it is made and shall set forth the relief or order sought. It shall be supported by a memorandum containing citations of authority, and may also be supported by an affidavit.
 {¶ 33} "To expedite its business, the court may make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition."
 {¶ 34} Carter's oral motion to withdraw his plea was made during his sentencing hearing, but it concerned a matter collateral to the merits of what sentence the court should impose. Therefore, a written motion was required, unless the court decided to hear an oral motion in order "[t]o expedite its business."
 {¶ 35} Courts often elect to hear oral motions to withdraw a plea of guilty or no contest, and do so at the sentencing hearing. Those generally involve matters implicating a defendant's calculus in entering the plea, which can readily be determined from the defendant's own testimony in support of the motion.
 {¶ 36} In the present case, the court apparently decided that it could not determine whether, from his own testimony alone, Carter was justified in failing to keep his appointment to meet his probation officer. The court determined that a written motion would better serve that purpose. No abuse of discretion is shown.